UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-cv-02254 |
| v. | (SAPORITO, M.J.) |
| DARRELL WIREMAN, et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the Court on the plaintiff's motion for an award of costs and attorney fees. (Doc. 99.)

In his second amended complaint, the plaintiff sought monetary damages and declaratory and injunctive relief, alleging the violation of his federal constitutional and statutory rights in connection with his requests for religious accommodations so he could observe a religious fast in December 2014, December 2015, and December 2016.

On March 27, 2019, we entered a memorandum and order granting summary judgment to the defendants on certain claims and dismissing the rest.[1] (Doc. 95; Doc. 96.) In relevant part, we dismissed the plaintiff's

---

[1] *Johnson v. Wireman*, Civil Action No. 1:15-cv-02254, 2019 WL
*(continued on next page)*

claims for injunctive relief as moot because he had been released from prison during the pendency of this action, we dismissed his § 1983 damages claims against two defendants—Morris L. Houser and James Eckard—for lack of personal involvement, and we granted summary judgment to the other individual defendants—Darrell Wireman, Ulrich Klemm, Shawn Kephart, and Tabb Bickell—with respect to the plaintiff's § 1983 damages claims against them for failure to exhaust available administrative remedies.

The plaintiff appealed and, ultimately, the Third Circuit affirmed our decision in part and vacated it in part.[2] (Doc. 106; Doc. 107.) In particular, the appellate court affirmed our grant of summary judgment with respect to the 2014 fast but vacated it with respect to the 2015 fast. It also vacated our dismissal of the claims against Houser and Eckard for lack of personal involvement. The case was then remanded to us for further proceedings.[3]

---

1383575 (M.D. Pa. Mar. 27, 2019), *aff'd in part and rev'd in part*, 809 Fed. App'x 97 (3d Cir. 2020).

[2] *Johnson v. Wireman*, 809 Fed. App'x 97 (3d Cir. 2020).

[3] None of the other claims are addressed in the appellate decision. We presume our disposition of those claims was not challenged by the plaintiff on appeal.

The instant motion, filed before that appeal was either taken or decided, seeks an award of costs and attorney fees pursuant to 42 U.S.C. § 1988(b). "Under 42 U.S.C. § 1988(b), courts may, in their discretion, grant a 'reasonable attorney's fee' to a 'prevailing party' in certain federal actions, including those proceeding under 42 U.S.C. § 1983" or the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). *Raab v. City of Ocean City*, 833 F.3d 286, 292 (3d Cir. 2016).

The plaintiff contends that, despite the dismissal of all claims against him, he is a "prevailing party" with respect to his RLUIPA claim because the Pennsylvania Department of Corrections changed its policies during the course of this litigation to accommodate observance of the December fast by inmates who share the same faith as the plaintiff.[4] But "in order to be a 'prevailing party,' a party must be 'successful' in the sense that it has ben awarded some relief by a *court*." *John T. ex rel. Paul T. v. Delaware Cty. Intermediate Unit*, 318 F.3d 545, 556 (3d Cir. 2003) (emphasis in original); *see also Buckhannon Bd. & Care Home, Inc. v.*

---

[4] The plaintiff himself was excluded from these accommodations in December 2016 because he had already participated in observance of the traditional Ramadan fast earlier that same year. The plaintiff was briefly permitted this accommodation for the December 2017 fast, but he was released from prison a few days into the month-long fast.

*West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–04 (2001); *Raab*, 833 F.3d at 292–93.

> To be eligible to make a prevailing-party claim under § 1988, the plaintiff must, at a minimum, be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. The change must be judicially sanctioned and must achieve some of the benefit the party sought in bringing suit.

*Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (en banc) (citations, internal quotation marks, and ellipses omitted). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605; *see also Raab*, 833 F.3d at 293; *Singer*, 650 F.3d at 232.

Here, the plaintiff has not obtained an enforceable judgment on the merits of his claims, nor was the policy change to which he points obtained by a settlement agreement between the parties to this litigation, much less a judicially sanctioned one. *See Buckhannon*, 532 U.S. at 604; *Raab*, 833 F.3d at 293–94; *Singer*, 650 F.3d at 231–32. Indeed, the legal theory upon which he relies is essentially the very same "catalyst theory" explicitly rejected by the Supreme Court of the United States in *Buckhannon*. *See Buckhannon*, 532 U.S. at 605; *Singer*, 650 F.3d at 231–

32.

Accordingly, we are compelled by this precedent to deny the plaintiff's motion, as he has failed to establish that he is, as yet, a "prevailing party" for the purpose of 42 U.S.C. § 1988(b). Based on the Third Circuit's decision on appeal, however, which vacated and remanded certain of the plaintiff's § 1983 claims for further proceedings, the motion will be denied *without prejudice* to any future such motion.

An appropriate order follows.


Dated: September __29__, 2020        /s/ Joseph F. Saporito, Jr.
                                     JOSEPH F. SAPORITO, JR.
                                     United States Magistrate Judge