## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>DARRELL WIREMAN, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 1:15-cv-02254<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

This is a prisoner civil rights action. It commenced on November 24, 2015, when the plaintiff, Greg Johnson, appearing through counsel, filed his original fee-paid complaint. (Doc. 1.) The case was assigned to us upon the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 24.)

The currently operative complaint is the plaintiff's second amended complaint, filed by counsel on June 24, 2017. (Doc. 28.) On September 24, 2018, we held an evidentiary hearing with respect to the threshold issue of the exhaustion of available administrative remedies, pursuant to *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013).

Based on the testimony and evidence presented at that evidentiary hearing, we found that Johnson failed to exhaust available

administrative remedies with respect to all of his § 1983 First Amendment damages claims, and we granted judgment in favor of the defendants with respect to those claims. (Doc. 95; Doc. 96.) In light of Johnson's release from incarceration in March 2018, we also dismissed his claims for declaratory and injunctive relief as moot, his claim for damages under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") for lack of subject matter jurisdiction, his claims for damages under the Religious Freedom Restoration Act of 1993 ("RFRA") for failure to state a claim upon which relief can be granted, and his § 1983 damages claims against defendants Houser and Eckard for failure to state a claim upon which relief can be granted.

Johnson appealed, and the Third Circuit affirmed our decision in part and reversed it in part. (Doc. 107-1.) The case was remanded to this court for further proceedings on the portion of Johnson's claims for which our decision was reversed. Specifically, the Third Circuit vacated our determination that Johnson failed to exhaust available administrative remedies with respect to Grievance No. 586036, finding that the rejection of that grievance rendered administrative remedies unavailable, as well as our determination that the amended complaint failed to plausibly

allege personal involvement by defendants Houser and Eckard.

On remand, we directed the parties to brief two outstanding issues: (1) whether Johnson failed to exhaust available administrative remedies because he failed to specifically name defendants Houser and Eckard in Grievance No. 586036; and (2) whether the rejection of Grievance No. 586036, challenging the denial of a religious accommodation in December 2015, on the ground that it was duplicative of two prior grievances challenging the denial of religious accommodations in December 2014, rendered administrative remedies unavailable for any grievances the plaintiff might have filed for the same religious accommodations in December 2016.[1] (Doc. 118.) The matter is fully briefed and ripe for decision. (Doc. 119; Doc. 120; Doc. 121.)

Based on the testimony and evidence presented at the evidentiary hearing, now reviewed in light of the Third Circuit's opinion and the parties' briefs, we find that: (1) Johnson did not fail to exhaust available administrative remedies because he failed to specifically name Houser and Eckard in Grievance No. 586036; and (2) based on the rejection of

---

[1] Johnson filed a request for accommodations with respect to the 2016 December fast, but he did not file a formal written grievance.

Grievance No. 586036 on the ground that further grievances would not be accepted or reviewed concerning the same issues raised in Johnson's two prior grievances challenging the denial of religious accommodations in December 2014, administrative remedies were unavailable with respect to any grievances the plaintiff could have filed for the same religious accommodations in December 2016.

### A. Houser and Eckard

The defendants contend that Johnson failed to properly exhaust available administrative remedies with respect to defendants Houser and Eckard because his initial grievance concerning the 2015 December fast failed to specifically mention either defendant by name. First, we note that, in their decision on appeal in this same case, the Third Circuit has already held that administrative remedies were unavailable with respect to Johnson's request for accommodations raised in Grievance No. 586036. *See Johnson v. Wireman*, 809 Fed. App'x 97, 100 (3d Cir. 2020). This arguably forecloses the question altogether with respect to Houser and Eckard, as whether the grievance complied with a particular technical requirement would seem to be immaterial when administrative remedies with respect to the issues grieved are unavailable as a matter of law

because the applicable correctional policy prohibits the submission of redundant or duplicative grievances.

But, in any event, under Third Circuit precedent, it is clear that the content of Johnson's initial grievance was sufficient to identify defendants Houser and Eckard for the purposes of the PLRA exhaustion requirement. As the Third Circuit has observed, "[t]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Williams v. Beard*, 482 F.3d 637, 640 (3d Cir. 2007) (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *see also Travillion v. Wetzel*, 765 Fed. App'x 785, 789 (3d Cir. 2019) (per curiam) (quoting *Williams*). The initial grievance described the religious accommodations requested by Johnson and Chaplain Wireman's refusal to process his request at all. Although the grievance did not *specifically* identify Houser or Eckard by name, it expressly stated that, in addition to Wireman himself, the "grievance is also directed against any prison officials who instructed Chaplain Wireman to refuse my request . . . even though I do not know their names at present." (Tr. 116-1.) This is sufficient to comply with the identification requirement of DC-ADM 804. *See Williams*, 482 F.3d at 638, 640 (finding

grievance describing the "'2-10' staff of the cell block" was sufficient to satisfy DC-ADM 804's identification requirement); *Travillion*, 765 Fed. App'x at 789 (finding grievance describing "SCI-Rockview staff and/or administration" was sufficient to satisfy DC-ADM 804's identification requirement).

Accordingly, we find that Johnson *did not* fail to exhaust available administrative remedies with respect to his claims against defendants Houser and Eckard because he failed to specifically name either defendant in his initial grievance, Grievance No. 586036.

**B. 2016 December Fast**

In 2014, Johnson requested religious accommodations with respect to the 2014 December fast. He submitted grievances regarding those requests when they were denied. Ultimately, he failed to properly exhaust available administrative remedies with respect to those two grievances. *See Johnson*, 809 Fed. App'x at 99.

In 2015, Johnson requested religious accommodations with respect to the 2015 December fast. He submitted a grievance regarding that request, Grievance No. 586036, when his request was refused by Chaplain Wireman. His grievance was rejected by the facility grievance

coordinator with an explanation that: "The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed in prior grievance 523688 and 543097." (Tr. 116-1.) As the Third Circuit noted, the applicable grievance policy provides that "[a]ny grievance issue . . . that has been previously addressed will not be addressed in a subsequent grievance review." *Johnson*, 809 Fed. App'x at 100 & n.16.

The defendants understandably frame their analysis of this issue in terms of futility, arguing that there is no futility exception to the PLRA exhaustion requirement.[2] But the Third Circuit's discussion of Grievance No. 586036 clearly rebuked that analysis, finding the proper question to be whether administrative remedies were *available* rather than whether exhaustion was futile. *See Johnson*, 809 Fed. App'x at 100. Based on the

---

[2] We agreed with that analysis in our first decision on this matter. *See Johnson v. Wireman*, Civil Action No. 1:15-cv-02254, 2019 WL 1383575, at *19 (M.D. Pa. Mar. 27, 2019), *aff'd in part, rev'd in part*, 809 Fed. App'x 97 (3d Cir. 2020). The Third Circuit's decision did not mention the 2016 December fast at all in its decision. Upon review of the briefs on appeal, however, we note that the plaintiff-appellant expressly addressed the 2016 December fast in his briefs, and we are satisfied that he has not waived his argument that the rejection of Grievance No. 586036 informed Johnson that administrative remedies were unavailable for the 2016 December fast as well as the 2015 December fast.

Third Circuit's rationale, we find administrative remedies were unavailable in 2016 as well as 2015, as Johnson's request for accommodation was substantially the same as his previous requests, and thus it is clear that any inmate grievance challenging the denial of his 2016 request for accommodation would have been rejected as redundant or duplicative of prior grievances raising the same issue.

Accordingly, we find that Johnson did not fail to exhaust available administrative remedies with respect to his § 1983 claims concerning the 2016 December fast because, pursuant to the applicable prison inmate grievance policy, administrative remedies were unavailable.

Based on the foregoing, the defendants have failed to demonstrate that the plaintiff failed to exhaust available administrative remedies with respect to his § 1983 First Amendment claims concerning the 2015 and 2016 December fasts. Since the case was remanded, the plaintiff's attorney has retired and withdrawn from this litigation. We recently denied the plaintiff's motion to appoint counsel on the ground that he has not been granted leave to proceed *in forma pauperis* in this action. We will direct the clerk to furnish the plaintiff with the necessary forms to request leave to proceed *in forma pauperis* so he may renew his motion

- 9 -

for the appointment of pro bono counsel.

    An appropriate order follows.


Dated: April 10, 2023                  ***<u>s/Joseph F. Saporito, Jr.</u>***
                                                    JOSEPH F. SAPORITO, JR.
                                                    United States Magistrate Judge